UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
OCT 1 5 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 5:26CR121-KKC-EBA

**WESLEY HAMILTON**

* * * * *

**THE GRAND JURY CHARGES:**

**BACKGROUND**

At all times relevant to this Indictment:

1. Digicam, Inc. (hereinafter, "Digicam") was a corporation organized in Kentucky and doing business in Fayette County, Kentucky, and elsewhere.

2. Biofuel Mining, Inc. (hereinafter, "Biofuel") was a corporation organized in Kentucky and doing business in Martin County, Kentucky, and elsewhere.

3. **WESLEY HAMILTON** was the principal owner and operator of Digicam and Biofuel.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax law of, and collecting taxes owed to, the United States.

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represented Social Security and Medicare taxes, and federal income taxes. These taxes were collectively referred to as "trust fund taxes" because employers held the withheld amounts in trust until paid over to the United States. Employers were required to remit the withheld trust fund taxes to the IRS on a quarterly basis, and no later than the last day of month following the end of the quarter.

6. In addition to the trust fund taxes, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter.

7. Collectively, the trust fund taxes and matching amounts required to be remitted quarterly were commonly referred to as "employment taxes". Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person was responsible for collecting, accounting for, and paying over the trust fund taxes if he had the authority required to exercise significant control over the

employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. **WESLEY HAMILTON** exercised control over Digicam and Biofuel affairs by, among other acts, signing payroll checks, delegating his authority to sign Forms 941, and maintaining and using funds in the businesses' bank accounts. Thus, he was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for Digicam's and Biofuel's employees.

**COUNTS 1 – 11**
**26 U.S.C. § 7202**

10. Paragraphs 1 through 9 of this Indictment are re-alleged as if fully set forth herein.

11. **WESLEY HAMILTON** was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Digicam and Biofuel, the trust fund taxes imposed on its employees by the Internal Revenue Code. He was further required to remit the employer's contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from his employees' pay for those purposes.

12. On or about each of the dates listed below, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WESLEY HAMILTON**

willfully failed to truthfully account for, and pay over, the trust fund taxes due and owing to the United States on behalf of the employees of Digicam and Biofuel, as specified below:

| Count | Company | Date of Quarter Ending | Due Date of Form 941 | Trust Fund Taxes Due and Owing |
|---|---|---|---|---|
| 1 | Digicam | March 31, 2020 | April 30, 2020 | $3,065.53 |
| 2 | Digicam | June 30, 2020 | July 31, 2020 | $11,484.32 |
| 3 | Digicam | September 30, 2020 | October 31, 2020 | $5,903.76 |
| 4 | Digicam | December 31, 2020 | January 31, 2021 | $454.14 |
| 5 | Digicam | March 31, 2021 | April 30, 2021 | $11,773.47 |
| 6 | Digicam | June 30, 2021 | July 31, 2021 | $11,773.47 |
| 7 | Digicam | December 31, 2021 | January 31, 2021 | $35,830.82 |
| 8 | Digicam | March 31, 2022 | April 30, 2022 | $38,120.89 |
| 9 | Biofuel | March 31, 2022 | April 30, 2022 | $7,290.21 |
| 10 | Biofuel | June 30, 2022 | July 31, 2022 | $48,642.27 |
| 11 | Biofuel | September 30, 2022 | October 31, 2022 | $9,979.27 |

Each in violation of 26 U.S.C. § 7202.

**A TRUE BILL**

[redacted]

**FOREPERSON**

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**ANDREW T. BOONE**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

| | |
|---|---|
| **COUNTS 1-11:** | Not more than 5 years imprisonment, a fine of not more than $250,000, and supervised release of not more than 3 years. |
| **PLUS:** | Mandatory special assessment of $100 per count. |
| **PLUS:** | Restitution. |